UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| PAUL ALBA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:10-CV-040-KSF |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MR. L. RIVERA, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

Paul Alba, Jr., confined in the Estill Federal Correctional Institution, ("FCI-Estill") in Estill, South Carolina, has filed a *pro se* civil rights action asserting claims under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court has granted Alba's *in forma pauperis* motion and now screens the Complaint and construed Amended Complaints.[1] 28 U.S.C. §§ 1915A and 1915(e). Alba's claims will be dismissed.

### DEFENDANTS

Alba has named the following defendants, Federal Bureau of Prisons ("BOP") personnel: (1) Delbert G. Sauers, BOP Designation and Sentence Computation Center, Grand Prairie, Texas; (2) Ayanna Brown, U.S. Department of Justice ("DOJ"); Special Litigation Section, Civil

---

[1] *Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, federal courts must take as true the allegations in a *pro se* complaint and construe those allegations in the plaintiff's favor. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). A district court must dismiss an action at any time if it determines that it is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2).

Rights Division, Washington, D.C.; (3) "L." Rivera, Case Manager, United States Penitentiary-Big Sandy ("USP-Big Sandy"); (4) "H." Chance, Unit Manager, USP-Big Sandy; (5) H. A. Rios, Warden, USP-Big Sandy; (6) "J." Link, Special Investigative Administrator, USP-Big Sandy; and (7) "K." Williams, Special Investigative Supervisor, USP-Big Sandy.

**CLAIMS ASSERTED AND RELIEF REQUESTED**

Alba's original Complaint, R. 2, alleges that the defendants' failure to protect him from physical assaults by prison gang members violated both his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process of law. Alba seeks damages for those claims.

In his supplemental filings, R. 9, 11, and 13, Alba challenges numerous conditions of his confinement at FCI-Estill. He seeks an injunction to remedy the alleged violations of his rights, an Order reprimanding FCI-Estill employees, and an Order directing BOP officials to cease interfering with his mail and to provide him with psychiatric care.

**FACTUAL ALLEGATIONS**
1. Original Complaint, R. 2

In 1998, Alba was a State prisoner cooperating with law enforcement officials in the State of Texas. On November 13, 1998, "Texas Syndicate" gang member inmates violently assaulted Alba and stabbed him 37 times. Alba claims that after this assault, he and the Assistant United States Attorney in Texas agreed that if he testified against the gang members in a federal drug investigation, he would be removed from the custody of the Texas Department of Corrections and be placed in BOP facilities for greater protection.

Alba claims that, although federal authorities filed no indictment or warrant against him,

2

he pled guilty to a single-count information of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. On March 4, 2003, he received a 151-month federal sentence to run concurrently with his State sentence. Alba began serving the sentences in BOP institutions.

In January 2007, Alba was incarcerated at USP-Hazelton. Alba claims that in a Threat Assessment dated January 26, 2007, the BOP acknowledged that he was in danger from gang members. Although the BOP ordered his transfer to a federal facility in Tucson, Arizona, Defendant Sauers instead had Alba transferred to USP-Big Sandy. Alba claims that when he appealed to the DOJ, Defendant Brown refused to intervene and protect him.

Alba alleges that on October 31, 2007, while confined at USP-Big Sandy in Inez, Kentucky, gang members stabbed him six times in the chest and stomach. The BOP then moved him to the Federal Correctional Institution in Yazoo City, Mississippi, where he was attacked on July 27, 2008. Alba alleges that on April 17, 2009, gang members threatened him.

Alba alleges that since he has been in BOP custody, federal authorities have neither kept him safe nor prevented gang members from attacking him. Alba claims that his repeated transfer requests (also called "re-designations") from one prison to another should have alerted BOP officials that he was in danger. Alba attached memoranda, medical notations, and pictures to illustrate his injuries. He claimed that he does not have to start a new administrative remedy proceeding each time his rights are violated.[2]

---

[2] In early July 2007, Alba incorrectly submitted a remedy request to the BOP Central Office, seeking a transfer from USP-Big Sandy. On July 11, 2007, the BOP rejected the remedy because it should have been filed with the USP-Big Sandy Warden. *See* Rejection Notice, R. 2-2, p. 13.

That remedy request predated the October 31, 2007, assault by three months. Alba has filed nothing showing either that he attempted to administratively exhaust the claims asserted in his
(continued...)

2. Construed Amended Complaints [R. 9, 11, and 13]

In his three supplemental filings, Alba challenged numerous conditions of his confinement at FCI-Estill. *See* R. 9, 11,and 13.[3] He claimed that FCI-Estill officials discriminated against him, retaliated against him for filing administrative grievances, interfered with his incoming and outgoing mail, improperly classified him as a disruptive group member for "separation status" purposes, subjected him to emotional distress, denied him needed psychiatric and/or psychological care, forced him to live in close proximity to violent gang members, caused him to lose access to his inmate phone account for forty-five days, and denied him access to the law library and basic legal materials.

**DISCUSSION**
1. *Bivens* Constitutional Claims

Alba's constitutional claims will be dismissed because they are time-barred under the applicable statute of limitations. To determine the statute of limitations in § 1983 and *Bivens* civil rights cases, courts apply the most analogous statute of limitations from the State where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985).

Alba's constitutional claims accrued, at the latest, on October 31, 2007, when he was

---

[2](...continued)
original Complaint, or that he fully exhausted those claims. As they are barred by the statute of limitations, it is unnecessary to address Alba's apparent failure to exhaust those claims.

[3] The Court construes these filings as First, Second, and Third Amended Complaints, and will direct the Clerk of the Court to identify them as such in the docket sheet. Alba styled his submission docketed as R. 11 as "Sua Sponte Order for Writ of Preacipe," in which he complained about conditions of confinement at FCI-Estill, and demanded a jury trial and judgment in his favor on those claims. The Clerk of the Court, probably confused by the heading, docketed R. 11 as a "*Motion for Order* for Writ of Preacipe Requesting Trial Setting Entry of Judgment."

attacked at USP-Big Sandy. Because the event occurred in Kentucky, its one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir.1984)). The one-year statute of limitations had clearly run when Alba filed his Complaint on March 29, 2010.[4]

The Supreme Court of the United States has held that the courts may dismiss a complaint, *sua sponte*, as time-barred where it is obvious from the face of the complaint that the statute of limitations has run. *Jones v. Bock,* 549 U.S. 199, 214-15 (2007). Claims barred by the statute of limitations are frivolous, *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001), and frivolous claims must be dismissed at the screening stage. 28 U.S.C. § 1915A(b). It is clear from the face of the original Complaint that Alba's constitutional *Bivens* claims are time-barred. The Court will dismiss those claims with prejudice. *Jones*, 549 U.S. at 214-15.

### 2. Construed Negligence Claims

Alba claims that Defendant Sauers, the BOP's designation expert, was negligent and that the other Defendants unreasonably subjected Alba to harm Accordingly, the Court construes negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-80. Because

---

[4] The alleged actions of the non-Kentucky defendants Sauers and Brown, both BOP officials, predated Alba's arrival at USP-Big Sandy. Because of the statute of limitations bar, the Court does not address whether it has personal jurisdiction over them.

5

Alba has not demonstrated that he administratively exhausted his FTCA claims, the Court will dismiss his negligence claims.

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and employees. 28 U.S.C. § 2679; *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989). A district court has subject-matter jurisdiction over an FTCA claim only if the claimant has presented a claim to the appropriate federal agency within two years of its accrual <u>and</u> commenced an action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2675(a); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). The FTCA's statute of limitations bars suit unless these two steps are taken. 28 U.S.C. § 2401(b)[5]; *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).

Alba has neither alleged that he presented his negligence claims to the BOP, nor provided documentation showing that he presented those claims by filing either a standard Form 95 or other written notice describing his claims and specifying their value. The failure to properly present an FTCA claim for administrative resolution, as required by § 2675(a), deprives a district court of subject-matter jurisdiction. *Lundstrum v. Lyng,* 954 F.2d 1142, 1145 (6th Cir. 2002); *McNeair v. Snyder*, 7 F. App'x. 317, 319 (6th Cir. 2001). Lack of subject matter jurisdiction

---

[5] The statute of limitations portion of the legislation provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

mandates dismissal. *McNeil v. United States*, 508 U.S. 106 (1993); *see also* Federal Rule of Civil Procedure 12(h)(3) (directing the dismissal of an action where subject-matter jurisdiction is lacking). The Court will therefore dismiss, with prejudice, Alba's construed negligence claims for lack of subject-matter jurisdiction.

### 3. FCI-Estill Condition of Confinement Claims

Alba did not seek leave of Court under Federal Rule of Civil Procedure 15 before filing his construed Second and Third Amended Complaints challenging numerous conditions of his confinement at FCI-Estill. Regardless, those claims will be dismissed without prejudice to Alba asserting them in the proper forum.

Alba fails to state a claim upon which relief can be granted against the named defendants on these new claims, either for damages or for injunctive relief. A *Bivens* complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Nwaebo v. Hawk Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004). Alba does not allege that any of the named defendants were personally involved in, or responsible for, the alleged conditions and violations of his constitutional rights at FCI-Estill, which is located in the judicial district of South Carolina.

Alba did not seek permission to join additional defendants, *i.e.*, the FCI-Estill prison officials he mentioned in his three Amended Complaints. If a party is deemed necessary for joinder under Federal Rule of Civil Procedure 19(a), the court must consider whether the joinder would eliminate either personal or subject-matter jurisdiction. *PaineWebber v. Cohen*, 276 F. 3d 197, 200 (6th Cir. 2001).

7

A defendant's actions, and their consequences, must have a substantial enough connection with the forum state to allow it to reasonably exercise jurisdiction over him. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). The joinder of FCI-Estill officials is not warranted because this Court would lack personal jurisdiction over FCI-Estill prison officials, who most likely reside in or around South Carolina. Additionally, the venue for damage and injunctive relief claims against FCI-Estill officials is in federal court in South Carolina, where either all of the FCI-Estill officials presumably reside, *see* 28 U. S. C. § 1391(b)(1), or where the substantial part of the events occurred, *see* § 1391(b)(2).[6]

Alba should present his current condition of confinement claims to FCI-Estill officials, and then to the BOP for consideration pursuant to the administrative remedy process set forth in 28 C.F.R. § 542.10-19. He should seek emergency relief from the Warden of FCI-Estill under 28 C.F.R. § 542.18. If the grievance process is unsuccessful as to these claims, Alba may file a civil action in the United States District for the District of South Carolina. The Court will deny the construed "Motion for Order for Writ of Praecipe," and will dismiss Alba's First, Second and Third Amended Complaints without prejudice.

---

[6] Venue does not lie in this Court under 28 U.S.C. § 1391(e). *Stafford v. Briggs*, 444 U.S. 527, (1980) holds that § 1391(e) applies only to suits against government officers in their official capacities, not to *Bivens* actions. *See id*. at 542-43. In *Stafford*, the Court determined that Congress primarily intended § 1391(e) to allow plaintiffs to seek injunctions against government officers in their official capacities locally, without having to go to Washington; but that Congress did not intend to subject government officers to suit, in their *individual* capacities, "in any one of the 95 federal districts covering the 50 states and other areas within federal jurisdiction." *Id*. at 544.

**CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1) The Clerk of the Court is directed to make the following notations in the docket sheet: (a) Plaintiff Paul Alba, Jr.'s submission, docketed as R. 9, is designated as a "First Amended Complaint," (b) Alba's submission, docketed as R. 11, is jointly designated as a "Motion for Order for Writ of Praecipe" and as a "Second Amended Complaint," and (c) Alba's submission, docketed as R. 13, is designated as a "Third Amended Complaint";

(2) Alba's original Complaint, R. 2, is **DISMISSED WITH PREJUDICE**;

(3) Alba's "Motion for Order for Writ of Preacipe Requesting Trial Setting Entry of Judgment, " R. 11, is **DENIED**;

(4) Alba's First, Second and Third Amended Complaints, R. 9, 11, and 13, are **DISMISSED WITHOUT PREJUDICE** to Alba asserting those claims in the proper forum; and

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This November 2, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge